# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| NICOLE E. LONG, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:15-CV-408-JEM |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, sued as Carolyn W. Colvin, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff on November 2, 2015, and on Plaintiff's Opening Brief in a Social Security Matter [DE 16], filed by Plaintiff on March 23, 2016. The Commissioner filed a response to Plaintiff's brief on June 29, 2016, and Plaintiff filed a reply on July 13, 2016.

**I.  Procedural Background**

In May 2012, Plaintiff applied for disability insurance benefits with the United States Social Security Administration ("SSA"), alleging that she had become disabled as of April 2, 2010. Plaintiff later amended her onset date to January 14, 2012. Plaintiff's claim was denied initially and on reconsideration. On March 18, 2014, Administrative Law Judge ("ALJ") Christa Zamora held a hearing at which Plaintiff, represented by counsel, and a vocational expert ("VE") testified. On April 8, 2014, the ALJ issued a decision denying Plaintiff benefits on the ground that Plaintiff was not disabled.

In the opinion, the ALJ made the following findings under the required five-step analysis:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2.  The claimant had not engaged in substantial gainful activity since January 14, 2012, the alleged onset date.

3. The claimant had the following severe impairments: lupus; carpal tunnel syndrome; arthritis; degenerative disc disease; hyperthyroidism; rheumatoid arthritis; deppresive disorder; anxiety disorder; and somatoform disorder.

4. The claimant did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

5. The claimant had the residual functional capacity ("RFC") to perform light work, except that she is limited to the performance of simple routine tasks and simple work related decisions.

6. The claimant was unable to perform any past relevant work.

7. As of the alleged disability onset date, the claimant was 40 years old, which is defined as a younger individual.

8. The clamant has at least a high school education and is able to communicate in English.

9. Transferability of job skills was immaterial to the disability determination because Plaintiff was "not disabled" under the Medical-Vocational rules irrespective of whether she had transferable job skills.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant was not under a disability, as defined in the Social Security Act, from January 14, 2012, through the date of the ALJ's decision.

On July 29, 2015, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. On November 2, 2015, Plaintiff filed the underlying Complaint seeking reversal of the adverse SSA determination.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the SSA and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "A reversal and remand may be required, however, if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citations omitted).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the

3

important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to properly consider treating physician testimony and improperly assessed Plaintiff's RFC. The Commissioner contends that the ALJ's opinion was supported by substantial evidence.

#### A. Medical Opinions

Plaintiff contends that the ALJ failed to give proper weight to the medical findings made by her treating physicians, Dr. Fadi Alzeidan and Dr. Vinay Reddy. Both doctors opined that Plaintiff has or would likely have significant work-related limitations. The Commissioner argues that the ALJ's decision to discredit the treating physicians' testimony in favor of state agency consultants' opinions was proper and supported by the evidence.

"A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Gudgel*, 345 F.3d at 470 (citing 20 C.F.R. §

4

404.1527(d)(2)); *see also Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). Being "not inconsistent" does not require that the opinion be supported directly by all of the other evidence "as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." S.S.R. 96–2p, 1996 WL 374188, at *3 (July 2, 1996). To be "substantial," conflicting evidence "need only be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also Schmidt*, 395 F.3d at 744.

In particular, an ALJ may not simply ignore an opinion that addresses a plaintiff's ability to work, but must "evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." S.S.R. 96–5p, 1996 WL 374183, at *3, *5 (July 2, 1996); *see also Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting S.S.R. 96–5p) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

In this case, the ALJ opined that Dr. Alzeidan was unjustified in concluding that Plaintiff would "never be able to work a productive job" because he would have needed to follow up with Plaintiff over an extensive period of time to make that determination. AR 32. The ALJ also noted that Dr. Alzeidan's conclusions that Plaintiff could lift less than five pounds for approximately 5% of the workday and that Plaintiff could sit for four hours and stand and walk for two hours in an eight-hour work day were inconsistent with medical and psychiatric consultative medical examinations. AR 32. The ALJ noted "that [Plaintiff's] detailed medical and psychiatric consultative

5

examinations were *conspicuously* without indicia as to significant symptomology as to focal motor, neurological, or psychiatric deficits that would support [Dr. Alzeidan's findings of] significant limitations." AR 32. Accordingly, the ALJ afforded "little to no weight to Dr. Alzeidan's opinions." AR 32.

Similarly, the ALJ discounted Dr. Reddy's opinion because the consultative examiner's evaluations revealed different findings than those contained in Dr. Reddy's medical statement. AR 33. Specifically, the ALJ noted that the consultative examiner's observation of Plaintiff's hand functioning was normal contradicted Dr. Reddy's opinion that Plaintiff could not use either hand for fine or gross manipulation. AR 33. The ALJ gave "little to no weight [to] the opinion evidence submitted by Dr. Reddy." AR 33.

The ALJ improperly discounted Dr. Alzeidan's and Dr. Reddy's opinions. The ALJ discounted both opinions in their entirety based on limited inconsistencies with the consultative examiners' reports and Plaintiff's testimony about her ability to maintain her personal hygiene. However, the ALJ did not explain how the doctors' other findings, which also suggested significant work-related limitations, were controverted by either the consultative examiners' opinions or some other evidence in the record. For example, Dr. Alzeidan and Dr. Reddy opined that Plaintiff would need to take unscheduled breaks, that pain and stress would interfere with her attention and concentration, and that she would likely miss more than 4-5 days of work per month. AR 816-18, 886-89. The ALJ did not mention these limitations or explain why she rejected those findings. *See Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion controlling weight . . . he was required to provide a sound explanation for his decision to reject it.").

Furthermore, even if an ALJ declines to give a treating source's opinion controlling weight, she must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6); *see also* 20 C.F.R. § 404.1527(a)(2)(c)(2)(ii)(5) (an ALJ is required to grant more weight to a treating specialists when the medical issue is related to their area of expertise); 20 C.F.R. § 404.1527(c)(2)(ii)(5) (an ALJ is required to consider the length, nature, and extent of a treating providers relationship with the plaintiff and the frequency of his examinations).

In this case, in weighing Dr. Alzeidan and Dr. Reddy's opinion evidence, the ALJ failed to address many of these required factors, such as the doctors' respective specialities; the length, nature, and extent of their relationships with Plaintiff; or the frequency of the physicians examinations. *See* 20 C.F.R. §§ 404.1527(a)(2)(c)(2)(ii)(5) and 404.1527(c)(2)(ii)(5). The ALJ was required to provide this explanation. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011). While the ALJ states that she "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p," this statement is not enough. AR 27. "[W]henever an ALJ . . . reject[s] a treating source's opinion, a sound explanation must be given for that decision." *Punzio*, 630 F.3d at 710. The ALJ failed to explain why she considered the consultants' opinions more credible than the treating physicians' despite their history with Plaintiff

and their areas of expertise.

On remand, the ALJ is directed to reconsider the weight afforded to the opinion of Plaintiff's treating physicians, Dr. Reddy and Dr. Alzeidan, specifically the weight given to their conclusions concerning her physical limitations.

B.     RFC Evidence

Plaintiff also argues that the ALJ's RFC was not supported by the evidence and was, at times, contrary to the weight of the evidence. The Commissioner argues that the ALJ's RFC analysis was appropriately supported and appropriately addressed the record.

The RFC is an assessment of what work-related activities the claimant can perform despite her limitations. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004); *see also* 20 C.F.R. §§ 404.1545(a)(1); 416.1545(a)(1). In evaluating a claimant's RFC, an ALJ is expected to take into consideration all of the relevant evidence, including both medical and non-medical evidence. *See* 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3). Although an ALJ is not required to discuss every piece of evidence, she must consider all of the evidence that is relevant to the disability determination and provide enough analysis in her decision to permit meaningful judicial review. *Clifford*, 227 F.3d at 870; *Young,* 362 F.3d at 1002. In other words, the ALJ must build an "accurate and logical bridge from the evidence to his conclusion." *Scott*, 297 F.3d at 595 (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

Plaintiff contends that the ALJ "consistently addresses only such evidence as supports her conclusion that Plaintiff is not disabled." Pl. Br. at 14 [DE 16]. "An ALJ cannot rely only on the evidence that supports her opinion." *Yurt v. Colvin*, 758 F.3d 850, 859 (7th Cir. 2014) (quoting *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013)); *see also Scrogham v. Colvin*, 765 F.3d 685,

698 (7th Cir. 2014) ("[T]he ALJ identified pieces of evidence in the record that supported her conclusion that [the plaintiff] was not disabled, but she ignored related evidence that undermined her conclusion. This 'sound-bite' approach to record evaluation is an impermissible methodology for evaluating the evidence."); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding."). Although medical evidence "may be discounted if it is internally inconsistent or inconsistent with other evidence," *Knight*, 55 F.3d at 314 (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and h[er] conclusions." *O'Connor-Spinner*, 627 F.3d at 618.

In this case, the ALJ failed to adequately explain how she arrived at her RFC conclusion. For example, the ALJ concluded that Plaintiff's carpal tunnel qualified as a severe impairment but did not address how Plaintiff's carpal tunnel affected Plaintiff's RFC. AR 23. The Commissioner now argues that the ALJ "found that Plaintiff could only lift or carry up to 20 pounds occasionally and up to 10 pounds frequently," which demonstrates a "clear nexus to her impairment of carpal tunnel syndrome." Def. Br. at 19-20 [DE 22]. However, the ALJ did not provide that connection in her opinion, which does not contain an assessment of what effect, if any, Plaintiff's carpal tunnel had on her RFC. *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based."). Similarly, the ALJ noted that Plaintiff's lupus is a severe impairment, AR 23, but then cited evidence questioning whether lupus was an appropriate diagnosis at all. AR 29. Consequently, the Court cannot find the "logical bridge" between the ALJ's cited evidence and her conclusions

9

concerning Plaintiff's RFC. *See O'Connor-Spinner*, 627 F.3d at 618.

Furthermore, the ALJ concluded that Plaintiff suffered from the severe impairment of somatoform disorder, AR 23, which is "a mental condition that causes a person to experience physical symptoms of a purely psychological origin." *Simila v Astrue*, 573 F.3d 503, 510 (7th Cir. 2009). However, the ALJ later wrote that "most, if not all, of the claimant's alleged symptomology is psycho-somatic in origin and thereby fails to result in specific physical limitations." AR 30. Consequently, Plaintiff contends that the ALJ improperly incorporated her somatic disorder into the RFC.

An ALJ commits legal error when she fails "to appreciate the psychological nature of the claimant's somatoform disorder and relie[s] primarily on the lack of objective medical data to support [her] conclusions." *Simila*, 573 F.3d at 517 (citing *Carridine v. Barnhart*, 573 F.3d 751, 754-55 (7th Cir. 2004)). As the Seventh Circuit has written:

> If pain is disabling, the fact that its source is purely psychological does not disentitle the applicant to benefits. Pain is always subjective in the sense of being experienced by the brain. The question of whether the experience is more acute because of a psychiatric condition is different from the question of whether the applicant is pretending to experience pain, or more pain than she actually feels. The pain is genuine in the first, the psychiatric case, though fabricated in the second. The cases involving somatization recognize this.

*Carradine*, 360 F.3d at 754.

In this case, the ALJ wrote:

> [M]ost, if not all, of the claimant's alleged symptomology is psycho-somatic in origin and thereby fails to result in specific physical limitation . . . . The record does mention the claimant's "quite significant low pain threshold" . . . . Nevertheless, the claimant's subjective complaints alone are not enough to substantiate limitations; moreover, said low pain threshold likely relates to her

> somatic disorder. Consequently, the undersigned finds that the lack
> of documented focal deficit in the clinical record fails to support
> greater limitations than those assessed herein.

AR 29-30. This reasoning fails to acknowledge that Plaintiff's pain – which could be purely psychological – might not manifest itself physically or have a physical cause. She simply might feel pain, possibly limiting her ability to work. *See Caradine*, 360 F.3d at 754-55.

Furthermore, while an ALJ may "consider the lack of objective evidence in rejecting a claimant's subjective complaints," the ALJ cannot deny disability "*solely* because the available objective medical evidence does not substantiate" the claimant's pain statements. *Simila*, 573 F.3d at 519. The ALJ's language quoted above demonstrates that she discredited Plaintiff's pain statements for lack of objective evidence. Because the ALJ appears to have misunderstood the psychological nature of Plaintiff's pain and improperly discounted plaintiff's pain statements for lack of objective evidence, remand is appropriate. *See Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("A reversal and remand may be required . . . if the ALJ committed an error of law or if the ALJ based the decision on serious factual mistakes or omissions.").

Accordingly, the Court is remanding for additional proceedings consistent with this Opinion. The ALJ is instructed to consider how Plaintiff's severe impairments, including her somatic disorder, affected her RFC to the extent supported by the record.

**IV. Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the request contained in Plaintiff's Opening Brief in a Social Security Matter [DE 16], **REVERSES** the Administrative Law Judge's decision, and **REMANDS** this matter to the Commissioner for further proceedings consistent with this Opinion.

So ORDERED this 28th day of March, 2017.

                                            s/ John E. Martin
                                            MAGISTRATE JUDGE JOHN E. MARTIN
                                            UNITED STATES DISTRICT COURT

cc:      All counsel of record